UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

CURBY DARNLEY,

                Plaintiff,

    -against-

ROSICKI, ROSICKI & ASSOCIATES, PC.;
CHEMICAL BANK, as Trustee under the Pooling
and Servicing Agreement Dated March 10, 1995;
Cityscape Home Equity Trust,

                Defendants.
------------------------------------------------------------x

**NOT FOR PUBLICATION**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 0 9 2005
P.M.
TIME A.M.

**MEMORANDUM
AND ORDER
05-CV-2512 (ERK)**

KORMAN, Ch. J.

On May 24, 2005, plaintiff, appearing *pro se*, filed this action challenging the foreclosure of his home. Plaintiff has paid the filing fee to bring this action, but the Court dismisses the complaint as it is frivolous for the following reasons.[1] Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362 (2d Cir. 2000).

## BACKGROUND

Plaintiff's cause of action is essentially the same as that of two prior complaints he filed with this Court. In Darnley v. Chemical Bank et al., 04-CV-1548 (ERK), plaintiff asked this Court to prohibit defendants from proceeding with the foreclosure and sale of his property. That complaint was dismissed for lack of subject matter jurisdiction by order dated April 22, 2004. Plaintiff filed a motion for reconsideration of the Court's April 22, 2004 order, which was denied by order dated May 10, 2004. Plaintiff filed an appeal of that decision to the Second Circuit. The Second Circuit dismissed the appeal, by Mandate issued April 20, 2005. See Second Circuit docket number 04-3291.

---

[1] The district court may *sua sponte* dismiss a frivolous complaint even if the plaintiff has paid the filing fee. Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362 (2d Cir. 2000).



1

In Darnley v. Chemical Bank et al., 04-CV-1929 (ERK) ("Darnley II"), plaintiff once again asked this Court to determine that the state court acted improperly in the foreclosure action. Specifically, plaintiff argued that he was never properly served with a summons and complaint in the foreclosure action. Darnely II was likewise dismissed for lack of subject matter jurisdiction by order dated May 19, 2004.[2] In addition, plaintiff was warned that the further filing of non-meritorious complaints challenging the foreclosure of his home may result in the issuance of an order barring the acceptance of future complaints without first obtaining leave of Court. See Darnley II, Order dated May 19, 2004. Plaintiff filed an appeal of that decision to the Second Circuit. The Second Circuit dismissed the appeal, by Mandate dated November 2, 2004. See Second Circuit docket number 04-3902.

As in his previous complaints, plaintiff's action asks this Court once again to determine that the state court acted improperly in proceeding with the foreclosure action. Specifically, plaintiff argues that he was never properly served with a summons and complaint in the foreclosure action. Complaint at 1-2. Plaintiff states:

> I, Curby Darnley, am not the said person described in this above document presented as evidence by the defendant and their Process Server and nor do I reside on said floor of which the door described in this legal document states that the [service] was made at. I now declare that the supposed service that was to have been given to me is defective on its face.

Complaint at 2.

### LACK OF SUBJECT MATTER JURISDICTION

This Court lacks subject matter jurisdiction over plaintiff's claims pursuant to Rooker v.

---

[2] Since the prior complaints were dismissed for lack of subject matter jurisdiction, and therefore are not considered a disposition on the merits, they can have no res judicata effect. See Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1188 (2d Cir. 1996).

2

Fidelity Trust Co., 263 U.S. 413, 415-16 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983) (Rooker-Feldman doctrine). The Supreme Court recently clarified the contours of Rooker-Feldman in Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. ----, 125 S.Ct. 1517, --- L.Ed.2d ---- (2005). The Supreme Court held that where the plaintiff in federal court has been a party to a final judgment in a state court judicial proceeding, and the plaintiff's federal complaint was filed subsequent to the state court judgment and is seeking in substance an appellate review of the state judgment in federal court, the claim is barred. Id. The Court in Exxon, noting that some lower courts had construed the doctrine "to extend far beyond the contours of the Rooker and Feldman cases," id. at 1521, confined its applicability to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. at 1521-22.

Plaintiff's instant case is clearly barred by Rooker-Feldman as recently reaffirmed by the Supreme Court in Exxon. Therefore, to the extent plaintiff brings the instant complaint as a means to challenge the state court decision in the foreclosure action, this court lacks jurisdiction to hear this action.[3] See Dockery v. Cullen & Dykman, 90 F.Supp.2d 233 (E.D.N.Y. 2000) (federal court lacks jurisdiction over claim that foreclosure was obtained by fraud); see also Beckford v. Citibank NA., No. 00-CV-205, 2000 WL 1585684 (S.D.N.Y. Oct. 24, 2000) (federal court lacks jurisdiction over claim that defendants violated state and federal laws during foreclosure proceedings); Drew v. Chase Manhattan Bank, NA., No. 95-CV-3133, 1998 WL 430549 (S.D.N.Y. July 30, 1998) (federal court lacks jurisdiction over claim that judgment of foreclosure was obtained by fraud).

---

[3] The Supreme Court, Appellate Division, by order dated December 30, 2002, affirmed the decision of the Kings County Supreme Court denying plaintiff's motion to vacate its earlier judgment of foreclosure and sale. Chemical Bank v. Darnley, 300 A.D.2d 613, 752 N.Y.S.2d 397 (2d Dept. 2002). The Appellate Division held that plaintiff's bare denial of service was insufficient to dispute prima facie evidence of proper service, and thus plaintiff's motion to vacate judgment for lack of personal jurisdiction was properly denied. Id.

CONCLUSION

Accordingly, plaintiff's complaint is dismissed for lack of subject matter jurisdiction. Moreover, plaintiff has not taken the Court's prior warning seriously. Plaintiff's continued filing of non-meritorious complaints challenging the foreclosure of his home shall not be tolerated by this Court. Accordingly, plaintiff is hereby directed to show cause, by written affirmation, within thirty (30) days of the date of this Order why the Court should not bar the acceptance of any future complaints challenging the foreclosure of his home. 28 U.S.C. § 1651. If plaintiff fails to show cause within the time allotted, he shall be barred from filing any future complaints challenging the foreclosure of his home without leave of the Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
EDWARD R. KORMAN
United States District Judge

Dated: Brooklyn, New York
2005